UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RODERICK W. WHITFIELD** | : | **CIVIL ACTION NO. 2:12-cv-3075** |
| **VERSUS** | : | |
| | | **JUDGE MINALDI** |
| **CITY OF MONROE, CITY** | : | |
| **COUNCIL OF MONROE,** | | |
| **MAYOR JAMES MAYO** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Plaintiff has moved this court to grant him an extension of time to effect service of process on the defendants. Upon review of the complaint and without ruling on the motion, the undersigned raises the issue of subject matter jurisdiction *sua sponte*.

Plaintiff complains that a property he owns is in the process of being condemned by the City of Monroe, allegedly because the City believes that the structure is in a dilapidated condition. Plaintiff, on the other hand, believes that the structure can be repaired and should not be condemned.

Federal courts possess limited subject matter jurisdiction; they only have jurisdiction as authorized by Congress and permitted by Article III of the U.S. Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The issue of subject matter jurisdiction may be raised *sua sponte* at any point in the litigation. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

District courts have original jurisdiction over all civil actions where arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff here has made no allegations in the petition that state a claim for relief founded upon the Constitution, laws, or treaties of the United States.

District courts also have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). It is clear, however, that all the parties are domiciled in Louisiana.[1] As such, there is no complete diversity of citizenship among the parties.

[2]In order for a pleading to state a claim for relief, it must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). Plaintiff has not made any such statement. This failure alone may serve as a basis for dismissal unless the basis for jurisdiction is evident from the face of the petition. *See Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). But as discussed above, the basis for federal jurisdiction is far from evident in this case. The petition involves parties all domiciled in Louisiana, and it complains about a condemnation proceeding pursuant to Louisiana law.

Plaintiff entitles his petition as a "Writ of Certiorari," and he seemingly alleges that court proceedings were already initiated by the City Council of Monroe. Doc. 1, p. 1. To the extent that the City Council of Monroe has already issued a ruling and plaintiff wishes to appeal that decision, he has lodged his appeal with in the wrong court.

The City Council has the authority to enter an order condemning property after a hearing is held and if the facts justify such an order. La. R.S. § 4763(A). An interested party may appeal any condemnation order "to <u>the district court</u> having jurisdiction over the property." La. R.S. §

---

[1] Plaintiff indicates that he lives in Oberlin, Louisiana. He seeks relief from the City of Monroe and its City Council—both of which are Louisiana entities. He also seeks relief from Mayor James Mayo, who presumably is a Louisiana domiciliary.

[2] Congress has also granted federal courts subject matter jurisdiction in a number of other situations, but without belaboring each and every provision, the undersigned finds that none of these grants of jurisdiction apply here.

4764(A) (emphasis added). And an "appeal shall be made by the filing of a suit against the parish or municipality . . . and the issue shall be tried de novo and by preference in <u>the district court</u>." *Id.* (emphasis added). While this court is technically a "district court," it is a federal court, not the state district court contemplated by the statute. Plaintiff is free to seek appellate relief before the Louisiana 4th Judicial District Court, which enjoys jurisdiction over Ouachita Parish where the property is located.

Accordingly, IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE to plaintiff's right to file the appropriate action in state court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 16th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE